IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MIKE ELLIS,                           )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )     Case No. CIV-18-1092-D
                                      )
JASON BRYANT, et. al.,                )
                                      )
    Defendants.                       )

**ORDER**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 10] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends that Plaintiff's Applications for Leave to Proceed *In Forma Pauperis* [Doc. Nos. 2 and 9][1] be denied and that he should be required to pay the full filing fee for this action to proceed. Plaintiff, appearing *pro se*, has filed a timely objection [Doc. No. 57] to the Report. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Judge Purcell determined that Plaintiff has sufficient financial recourses in his institutional account to pay the filing fee. [Doc. No. 10 at 1]. Plaintiff' dose not object to

---

[1] Plaintiff filed his initial Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2] on November 6, 2018. Judge Purcell directed Plaintiff to cure certain deficiencies on November 7, 2018, [Doc. No. 5] which resulted in Plaintiff filing a second Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 9] on December 19, 2018.

this finding. [Doc. No. 11 at 1]. Instead, Plaintiff states that he reported "on the bottom of the Application" that he has sufficient funds in his savings account[2] to pay the filing fee and needs an order directing Oklahoma Department of Corrections ("ODOC") to pay the filing fees from his saving's account. [Doc. No. 11 at 1]. Liberally construing Plaintiff's Objection, the Court finds that Plaintiff concedes he has sufficient funds in his institutional account to pay the filing fee but prefers to pay the filing fee from his mandatory savings account.

The determination of Plaintiff's Applications is not dependent upon the account from which Plaintiff prefers to pay his filing fee but whether he has sufficient funds available to him to do so. Plaintiff's Applications and accompanying documentation, as well as his Objection, demonstrate that he has sufficient funds to pay the filing fee and "there is no indication in the record of any special circumstances that would render plaintiff unable to use these funds to support his litigation." *Pack v. Kaiser*, 991 F.2d 805, 1993 WL 96885 (10th Cir. Mar. 29, 1993) (unpublished order).

Nor does Plaintiff cite any case law, statute, or ODOC procedure requiring a court order to access funds from his mandatory savings account for the payment of filing fees. Pursuant to Okla. Stat. tit. 57 § 549(A)(5), "funds from this [mandatory savings] account may be used by the inmate for fees or costs in filing a [federal] civil or criminal action as

---

[2] "Oklahoma law requires at least twenty per cent of an inmate's wages be segregated in an account to be paid upon an inmate's discharge or assignment to a prerelease program." *Pack v. Kaiser*, 991 F.2d 805, 1993 WL 96885 (10th Cir. Mar. 29, 1993) (unpublished order).

2

defined in . . . Section 1911 et seq. of Title 28 of the United States Code, 28 U.S.C., Section 1911 et seq." Likewise, the ODOC Offender Banking System, OP-12030(I)(A)(2) (eff. June 22, 2017), states that "[f]unds from this account may be used to pay fees and/or court costs associated with filing a civil or criminal action." Funds from the mandatory savings account may be accessed for this purpose:

> by submitting an in forma pauperis' [sic] action as defined by federal and state statute ***or by receiving written documentation from the court clerk showing the amount required to file the case.*** If written documentation from a court clerk is provided, a staff member will call the court clerk's office to verify fees. The staff member will sign and print their name and the date on the court clerk's documentation. Court clerk documentation may be in the form of a letter or any other official form that can be verified by staff[.]

*Id*. (emphasis added).

Upon *de novo* consideration of the issue raised by Plaintiff's Objection, the Court concurs in Judge Purcell's conclusion that Plaintiff has sufficient funds in his institutional account to pay the required filing fees.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 10] is **ADOPTED**. Plaintiff's Applications for Leave to Proceed *In Forma Pauperis* [Doc. Nos. 2 and 9] are **DENIED**.

**IT IS FURTHER ORDERED** that this action will be dismissed without prejudice unless Plaintiff pays the full filing fee to the Clerk of Court by January 31, 2019.

**IT IS SO ORDERED** this 8th day of January, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE